United States District Court
Southern District of Texas
**ENTERED**
May 03, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| KIPKANO OBEY, *et al.*, § § § | |
| Plaintiffs. § § | |
| V. § | CIVIL ACTION NO. 4:22-cv-04000 |
| § § | |
| SN SERVICING CORP., *et al.*, § § § | |
| Defendants. § § | |

# ORDER

It is black letter law that "[f]ederal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). As every first-year law student quickly discovers, there are two main types of federal subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. Under federal question jurisdiction, a district court can hear and decide any civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction allows district courts to entertain cases between citizens of different states where the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1), (b).

This case is a dispute concerning the foreclosure of real property. The Plaintiffs—Kipkano Obey, Shinda Obey, Tammu Obey, and Kimkeena Jordon (aka Kimkeen Obey) (collectively "Obeys")—filed suit in Texas state court against Defendants SN Servicing Corporation ("SNSC") and Wilmington Savings Fund Society, FSB ("WSFS"). *See* Dkt. 1-3. Defendants removed the action to federal district court, arguing that this "Court has original jurisdiction over this action

pursuant to []§ 1332(a)(1) because there is complete diversity of the Parties and the amount in controversy exceeds $75,000." Dkt. 1 at 2. The Obeys' Original Petition filed in Texas state court shows that they are each "residents of Harris County, Texas" (Dkt. 1-3 at 1), and thus Texas citizens for purposes of determining diversity of citizenship. The Notice of Removal further alleges that SNSC "is an Alaska corporation" and that WSFS "is a wholly owned subsidiary of WSFS Financial Corp., a publicly held corporation." *Id.* at 3. According to Defendants, because "Plaintiff[s are] citizen[s] of the State of Texas, and SN Servicing is a citizen of the State of Alaska and Wilmington Savings Fund Society, FSB is a citizen of the State of Delaware[,] this lawsuit is between citizens of different states and complete diversity exists among the parties." *Id.* at 3.

But the diversity statute requires "complete diversity" of citizenship, meaning that "a district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants." *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). A corporation is a citizen of the state in which it is incorporated *and* the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Thus, to determine whether diversity jurisdiction is proper, I must determine both the states of incorporation *and* the principal places of business for SNSC and WSFS. Yet, the Notice of Removal is silent as to the principal place of business of either SNSC or WSFS. I must have this information to ensure that I possess jurisdiction to hear this case. Accordingly, Defendants are **ORDERED** to file a letter indicating their principal places of business no later than 5pm on Friday, May 5, 2023.

SIGNED this 3rd day of May 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE