Case 4:22-cv-04000   Document 15   Filed on 07/24/23 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
July 24, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KIPKANO OBEY, *et al.*, § § Plaintiffs. § § v. § SN SERVICING CORP., *et al.*, § § Defendants. § § § § § § § § | CIVIL ACTION NO. 4:22-cv-04000 |

## OPINION AND ORDER

Pending before me is Defendants' Motion to Dismiss. Dkt. 10. The Motion to Dismiss was filed on April 20, 2023, and electronically served on Plaintiffs' counsel. Plaintiffs' response was due on May 11, 2023. More than two months later, Plaintiffs still have not responded to the Motion to Dismiss.

Because "failure to oppose a 12(b)(6) motion is not in itself grounds for granting the motion," *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012), I have independently reviewed Plaintiffs' live pleading, the Motion to Dismiss, and the applicable law. After doing so, I conclude that Plaintiffs have failed "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). This case must be dismissed.

## BACKGROUND

Plaintiffs Kipkano Obey, Shinda Obey, Tammu Obey, and Kimkena Obey Jordan ("Plaintiffs") filed this suit in the 129th Judicial District Court of Harris County, Texas, seeking to prevent Defendants SN Servicing Corporation and Wilmington Savings Fund Society, FSB from foreclosing on a piece of property that Plaintiffs allegedly own at 13423 Candleshade Lane, Houston, Texas 77045 (the "Property"). SN Servicing Corporation is the mortgage servicer for the loan agreement. Wilmington Savings Fund Society, FSB is a prior mortgagee of the

Deed of Trust. Defendants timely removed the case to federal court on the basis of diversity jurisdiction.

In Plaintiffs' Original Petition and Application for Injunctive Relief, Plaintiffs allege as follows: Melvin Abraham Obey and Trudell Obey (collectively, "Decedents") took out a home equity mortgage in 2006 in the principal amount of $80,000.00. Decedents pledged the Property as collateral for repayment of a Texas Home Equity Note. The Decedents timely made payments until Melvin Abraham Obey died in September 2015. Trudell Obey passed away in 2017. Defendants now seek to foreclose on the Property. Plaintiffs are all four of Decedents' children. They are fighting Defendants' foreclosure effort.

Plaintiffs have asserted the following claims against Defendants: (1) breach of the duty of good faith and fair dealing; (2) violations of Texas Property Code § 51.002; and (3) injunctive relief.

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. In reviewing a Rule 12(b)(6) motion, I must "accept[] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (quotation omitted). Legal conclusions, however, are not entitled to the same presumption of truth. *See Iqbal*, 556 U.S. at 680–81.

## ANALYSIS

I will address each cause of action raised by Plaintiffs.

### A.   BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

First, Plaintiffs allege that Defendants have breached a duty of good faith and fair dealing. The Texas Supreme Court has consistently held that "a duty of good faith is not imposed in every contract but only in special relationships marked by shared trust or an imbalance in bargaining power." *FDIC v. Coleman*, 795 S.W.2d 706, 708–09 (Tex. 1990) (collecting cases); *see also Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987) ("While this court has declined to impose an implied *covenant* of good faith and fair dealing in every contract, we have recognized that a duty of good faith and fair dealing may arise as a result of a special relationship between the parties governed or created by a contract.").

Plaintiffs have alleged no facts indicating that a special relationship exists between themselves and Defendants. It is well-settled that a special relationship does not exist within the confines of a mortgagor and mortgagee relationship. *See Milton v. U.S. Bank Nat'l Ass'n*, 508 F. App'x 326, 329 (5th Cir. 2013) ("[T]here is no special relationship between a mortgagor and mortgagee that would give rise to a stand-alone duty of good faith and fair dealing." (quotation omitted)); *Caton v. Leach Corp.*, 896 F.2d 939, 949 n.8 (5th Cir. 1990) (recognizing that under Texas law "no special relationship [giving rise to a duty of good faith and fair dealing] existed between mortgagee and mortgagor"); *Coleman*, 795 S.W.2d at 709 ("The relationship of mortgagor and mortgagee ordinarily does not involve a duty of good faith."). Here, the relationship is even more attenuated than the traditional mortgagor–mortgagee relationship. As the heirs to the borrowers, Plaintiffs cannot point to any relationship, much less a special relationship, between themselves and Defendants. Accordingly, Plaintiffs' claim for a breach of the duty of good faith and fair dealing must be dismissed.

B.   **TEXAS PROPERTY CODE § 51.002**

Next, Plaintiffs assert that Defendants failed to follow the procedures for conducting a foreclosure sale set forth in § 51.002 of the Texas Property Code. The legal flaw with this argument is that § 51.002 does not create a private cause of action. In a previous case, I addressed an effort by other plaintiffs to bring an independent cause of action under § 51.002:

> As explained by the Fifth Circuit, "the federal district courts that have addressed [this issue] seem to conclude that Section 51.002(d) does not intend an independent private cause of action." *Rucker v. Bank of America, N.A.*, 806 F.3d 828, 830 n.2 (5th Cir. 2015). This Court agrees with the consensus of Courts that have addressed this issue and holds that Section 51.002 of the Texas Property Code does not create a private cause of action. *See, e.g.*, *Ashton v. BAC Home Loans Servicing, L.P.*, No. 4:13–cv–810, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013) ("This Court has not found any cases that interpret 51.002 to establish an independent right of action for damages").

*Duplechaine v. HSBC Bank USA, N.A.*, No. 3:17-CV-00221, 2018 WL 2100256, at *4 (S.D. Tex. Apr. 18, 2018). The same analysis applies with equal force here. Accordingly, Plaintiffs' cause of action for a violation of § 51.002 must be dismissed for failure to state a claim.

C.   **INJUNCTIVE RELIEF**

Finally, Plaintiffs ask for an injunction prohibiting Defendants from foreclosing on the Property. "[A]n injunction is a remedy that must be supported by an underlying cause of action." *Crook v. Galaviz*, 616 F. App'x 747, 753 (5th Cir. 2015). Because Defendants are entitled to summary judgment on Plaintiffs' claims for breach of the duty of good faith and fair dealing and violations of § 51.002, no underlying cause of action remains to support a claim for injunctive relief. As a consequence, I am required dismiss Plaintiffs' claim for injunctive relief. *See Eason v. Deutsche Bank Nat'l Tr. Co.*, No. H-18-717, 2018 WL 3104992, at *3 (S.D. Tex. June 25, 2018) ("Injunctive relief under Texas law is a type of equitable remedy,

4

not a stand-alone cause of action. To sustain a claim for injunctive relief, a plaintiff must first plead a viable underlying cause of action." (cleaned up)).

## CONCLUSION

For the reasons explained above, Defendants' Motion to Dismiss (Dkt. 10) is **GRANTED**. Plaintiffs' claims against Defendants are **DISMISSED WITHOUT PREJUDICE**. I will enter a separate final judgment.

SIGNED this 24th day of July 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE